IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ILEANA MOSCHOS,<br><br>                 Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY,<br><br>                 Defendant. | CASE NO. 8:11CV403<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Reconsider (Filing No. 48) filed by Plaintiff, Ileana Moschos ("Moschos"). For the reasons set forth below, the Motion will be denied.

BACKGROUND

The Court granted Defendant Creighton University's ("Creighton") Motion for Summary Judgment on June 4, 2013, dismissing Moschos's claims and entering judgment for Creighton (Filing Nos. 46 and 47). The Court determined that Moschos failed to meet her burden under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* of demonstrating that she worked above her scheduled hours without compensation, and that Creighton knew or should have known that she was working overtime. Moschos presented no evidence that Creighton knew she worked overtime, and did not present any evidence of her actual damages. The Court dismissed Moschos's FLSA claims and her state law claims under the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb Rev. Stat. § 48-1231 (Reissue 2004). Moschos now moves the Court to reconsider its Memorandum and Order, arguing that Moschos "met the current Supreme Court and 8th Circuit standards for adducing proof of damages…."

(Filing No. 48.) Moschos also submits a summary of her overtime hours worked in 2007, which she argues are identical to her hours worked in the relevant claims period.

## STANDARD

Motions to reconsider are governed by Nebraska Civil Rule 60.1, which states, "Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."

## DISCUSSION

Moschos does not identify any manifest error in the Court's prior ruling, nor does she identify any new facts or legal authority that could not have been brought to the Court's attention with reasonable diligence. Moschos's summary of her hours worked is derived from evidence that was already before the Court when considering Creighton's Motion. The only additional fact submitted is the actual number of overtime hours that Moschos claims for 2007. Having considered the Plaintiff's brief and evidence, for the reasons already stated in the Court's prior order, Moschos has not burden of proof, nor has she demonstrated that reconsideration is appropriate.

Accordingly, the Motion to Reconsider (Filing No. 48) filed by Plaintiff, Ileana Moschos is denied.

Dated this 15th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge